UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-18

LALA SMITH                                                                                           PLAINTIFF

v.

WYETH INC., d/b/a WYETH, *et al.*                                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Lala Smith ("Smith") filed a Motion to Remand this matter to Kentucky state court. (Docket # 9). Defendants Wyeth and Schwarz Pharma, Inc., ("Shwarz") responded. (Docket # 10). A Reply has not been timely filed. The Court now DENIES Smith's Motion to Remand.

## BACKGROUND

Plaintiff Smith originally filed this action in Calloway Circuit Court in Kentucky, the state where she resides. She filed claims against Wyeth, Schwarz, American Home Products Corporation, Barr Pharmaceuticals, and Pliva, all diverse defendants. Smith also filed claims against Medical Arts Pharmacy, Murray Calloway County Public Hospital Corporation, and Gibson's Discount Pharmacy, (the "nondiverse defendants" or "pharmacy defendants") all residing in Kentucky for jurisdictional purposes. Wyeth and Schwarz obtained consent from the other diverse defendants and removed the case to this Court. The Kentucky defendants did not consent to this removal, nor did the Plaintiff. Plaintiff now moves to remand.

While Wyeth and Schwarz (collectively the "removing defendants") acknowledge that the defendants against which Plaintiff filed are not completely diverse and would normally preclude

federal jurisdiction, the removing defendants claim that Plaintiff fraudulently included the Kentucky defendants to ensure the case would be tried in state court.  Plaintiff alleged liability against the Kentucky defendants for medical negligence, stating that the pharmacists might be held liable under the "learned intermediary" doctrine and for failure to warn.  Plaintiff stated that this would constitute a case of first impression for Kentucky courts, but cites persuasive authority indicating that Kentucky courts might grant her claims.  In particular, Plaintiff argues that the pharmacists were under a duty to warn the Plaintiff of the dangers of the medicine because it was being prescribed in amounts contrary to those recommended in the Physician's Desk Reference and that the pharmacists should have known that Plaintiff's health condition contraindicated use of the drug.  These allegations were not explicitly plead in the Compliant.  The removing defendants claim that Kentucky law explicitly bars Plaintiff's claims against the Kentucky defendants under the Kentucky's Middleman Statute.  According to the removing defendants, Plaintiff's claims against the Kentucky defendants cannot succeed and should not ruin complete diversity and necessitate remand to the Calloway Circuit Court.

## STANDARD

Before ruling on a matter, this Court must establish its jurisdiction over the subject matter at hand.  In this case, no federal question is presented, so the party seeking removal to a federal forum must show that complete diversity exists between the Plaintiff and all defendants and that more than $75,000 is at stake in the matter.  *See* 28 U.S.C. § 1332.  If the removing parties cannot show complete diversity and that a sufficient amount is at stake, remand to a state court is

proper. When reviewing a motion to remand, the Court must resolve all doubts in favor of a remand to State Court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 193 (8th Cir. 1983) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000).

In this case, the parties concede that complete diversity is not evident from the Complaint. However, the removing defendants allege that the nondiverse defendants were fraudulently joined by the Plaintiff and should not ruin complete diversity in this matter. Consent for removal is not required of fraudulently joined defendants. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Jernigan v. Ashland oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Steel Valley*, 809 F.2d at 1009, n.2 (3rd Cir. 1987); *Anderson v. Merck & Co.*, 417 F.Supp.2d 842, 845 n.3 (E.D.Ky. 2006). A defendant is fraudulently joined if there is "no reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). *See also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F.Supp. 2d 694, 695-96 (W.D.Ky. 2000). In the Sixth Circuit, the test for fraudulent joinder is applicable in three situations: (1) where there is no colorable basis for a claim against the nondiverse defendant; (2) when a plaintiff engages in outright fraud in pleading jurisdiction allegations; and (3) when a plaintiff joins a defendant who does not share joint, several, or alternative liability with a diverse defendant, nor a nexus of connectivity between the claims.

*Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999).  Here, the removing defendants allege that there is no colorable basis for a claim against the nondiverse defendants. In evaluating claims of fraudulent joinder, the Court must initially evaluate all of the factual allegations in the Plaintiff's state court pleadings in the light most favorable to the Plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  If the claims against nondiverse defendants are properly arguable under state law with some possibility of success, remand is proper regardless of the likelihood of plaintiff's success on those claims. *See Crowe*, 113 F.3d at 1538.

## ANALYSIS

### A.  Existence of a Colorable Claim against Nondiverse Defendants

The removing defendants claim that the nondiverse defendants do not ruin complete diversity and bar federal jurisdiction because no colorable claim exists against the nondiverse defendants.  In her Complaint, Plaintiff alleged medical negligence on the part of the nondiverse defendants for filling her prescriptions in doses contraindicated by the Physician's Desk Reference and despite the higher risk created by her other medical conditions.  Plaintiff claims that the nondiverse pharmacy defendants had a duty to warn her of the risks of taking the drug. The parties agree that Kentucky courts have not specifically addressed this issue.

First, the removing defendants claim that Plaintiff's claims against the nondiverse defendants cannot succeed as a matter of law under the Kentucky Middleman Statute.  The

4

Kentucky Middleman statute provides that

> In any products liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

Ky. Rev. Stat. § 411.340

The parties agree that the removing defendants and other manufacturers are subject to the jurisdiction of Kentucky courts because they have done business in Kentucky. The removing defendants note that the Complaint did not allege that the drugs were altered at the time of sale. Even so, the removing defendants argue that the drugs were unaltered at the time of sale and were not in a defective or dangerous condition. Furthermore, they allege that no express warranty was breached. Under the removing defendants' argument, the Middleman Statute precludes any argument that Plaintiff has asserted colorable claims against the nondiverse pharmacy defendants.

Although Kentucky courts have not addressed this issue, the federal court for the Eastern District of Kentucky agreed with the removing defendants' interpretation of Kentucky law in *Salisbury v. Purdue Pharma*. 166 F.Supp. 2d 546 (E.D.Ky. 2001). In *Salisbury*, the Court found that the plaintiffs' claims for medical negligence against defendant pharmacies failed because the plaintiffs failed to allege that the pharmacies sold drugs to the plaintiffs and, therefore, could not establish the pharmacies' causation of any injuries. *Id.* at 549-50. However, the Court went on to discuss the applicability of the Kentucky Middleman Statute in *dicta*. *Id.* at 550-52. The

Court found that, to surpass the Middleman Statute, a plaintiff must allege specifically that the drugs were altered before being provided to the plaintiff; this implies that merely dividing and distributing the drugs in doses is insufficient to alter the "original condition or package" of the drug. *Id.* at 551. The Court also found that the plaintiffs did not allege in their complaint language sufficient to invoke the first exception to the Middleman Statute, language setting forth an express warranty by the pharmacists. *Id.* at 552. Even if an express warranty were adequately alleged, the Court held as a matter of law that Kentucky courts would agree with the majority of states which held that pharmacists are not "liable for breach of either implied or express warranty with respect to properties of prescription drugs." *Id.* at 551 (quoting *In re Rezulin Litigation*, 133 F.Supp. 2d 272, 292 (S.D.N.Y. 2001)). In *Salisbury*, the plaintiffs did not allege that the second exception applied - that the pharmacies "knew or should have known at the time of distribution or sale of [the drugs] that [the drugs were]... unreasonably dangerous to the user or consumer." Ky. Rev. Stat. § 411.340; *Salisbury*, 166 F.Supp. 2d at 551.

      The Plaintiff claims that the middleman statute simply does not apply here. Although she did not specifically allege in her Complaint that the defendants "knew or should have known" that the drugs were unreasonably dangerous to her, she now claims the facial contortions symptomatic of her condition would have put a pharmacist on notice of her condition and that a pharmacist acting with due care would have recognized that the condition stemmed from her medications. She did plead that the pharmacies "knew or reasonably should have known there was no indication warranting the long-term use" and negligently failed to recognize the symptoms of her reaction to the drug. Had she pleaded that this condition was unreasonably dangerous to her in her Complaint, the second exception of the Middleman Statute might apply.

However, the Court cannot find that the allegations of negligence pled in the Complaint are adequate to apply the second exception.

Plaintiff did allege that the pharmacies had a duty to warn Plaintiff of the effects of the drugs.[1]  She did not, however, allege that an express or implied warranty was made that the drugs were fit for her use.  Therefore, the Court holds Plaintiff cannot utilize the first exception set out in the Middleman Statute.  It is unclear to this Court whether Plaintiff's allegations of negligence in her Complaint are intended to state a claim that, by preparing the dosage of the drug and providing it over a long term basis, the pharmacy defendants altered the condition of the drug.  Regardless, the Court holds that such a claim was not adequately stated in the Complaint; Plaintiff only alleges that the pharmacy defendants filled the prescription as it was presented to them from the health care providers.  Because the pharmacy defendants are subject to jurisdiction, Plaintiff did not sufficiently allege in her Complaint that they altered the condition of the drugs, and Plaintiff did not adequately allege that they breached an express warranty or knew or should have know of the danger to Plaintiff, the Middleman Statute bars Plaintiff's claims against them as a matter of law.  Because no claims are cognizable under Kentucky law against the nondiverse pharmacy defendants, complete diversity is established by the removing defendants.

Throughout her Motion to Remand, Plaintiff claims that the "learned intermediary" doctrine applies to the pharmacies, making them a health care provider rather than a retailer subject to the Middleman Statute.  Kentucky law has not established that pharmacies are indeed

---

[1] In support of her claim, Plaintiff cites a Kentucky case holding that owners of premises do not have a duty to warn invitees against obvious natural outdoor hazards. *Estep v. B.F. Saul Real Estate Inv. Trust*, 843 S.W.2d 911 (Ky. Ct. App. 1992).  The Court cannot find that this case supports the proposition that a pharmacy has a duty to warn a consumer of the potentially dangerous effects of drugs sold.

subject to the "learned intermediary" doctrine. In fact, a "learned intermediary" has been described as "the health care provider who prescribes the drugs," a definition which does not encompass the pharmacies that fill the prescriptions. *Larkin v. Pfizer, Inc.,* 153, S.W.3d 758, 762 (Ky. 2004). Even if the "learned intermediary" doctrine did apply to the pharmacy defendants, it functions as a protection for manufacturers of prescriptions drugs from liability for failure to warn the patient once the manufacturer provides and adequate warning to the prescribing physician. *Larkin*, 153 S.W.3d at 762; *Foister v. Purdue Pharma, LP*, 295 F.Supp. 2d 693, 706 (E.D.Ky. 2003). It does not function as a rule to impose further liability on pharmacists. The Court cannot find that "learned intermediary" doctrine abrogates the applicability of the Middleman Statute in this matter. Therefore, the claims against the nondiverse pharmacy defendants do not ruin complete diversity as they are not a legally cognizable action under Kentucky law.

**B.     Sufficiency of Amount at Stake**

The removing defendants must also establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 to show federal jurisdiction and avoid remand to state court. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Plaintiff argues that, because Defendants deny liability under all of Plaintiff's claims, they cannot argue that over $75,000 is at stake. The Court disagrees. The Defendants need not admit liability for damages in order to acknowledge that a high amount of money is at stake. Instead the Court finds that the Plaintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000. *See Klepper v. First*

*Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990). Having satisfied its burden of proving by a preponderance of the evidence that the jurisdictional amount is satisfied, the removing defendants shift the burden of proof to the Plaintiff to show as a matter of law that she will not be able to recover the jurisdictional amount under her claims. *De Aguillar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). Plaintiff has only alleged that discovery is incomplete and that the amount in controversy is uncertain. This is insufficient to rebut the removing defendant's showing that damages will exceed the jurisdictional amount. Therefore, the Court need not remand this matter on the grounds of lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, Plaintiff's Motion to Remand is DENIED. An appropriate Order shall be entered.