UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-18-R

LALA SMITH                                                                                              PLAINTIFF

v.

WYETH, INC., et. al.                                                                                 DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on Defendants Wyeth, Inc. And Schwarz Pharma, Inc.'s Motion for Entry of Final Judgment (Docket #78). Plaintiff Lala Smith has filed a response (Docket #90). Defendants have filed a reply (Docket #95). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Entry of Final Judgment is **DENIED**.

## BACKGROUND

This matter arises from the allegations of Plaintiff Lala Smith ("Smith") that her use of metoclopramide, a prescription drug used to treat reflux symptoms, caused her to develop severe and persistent Tardive Dyskinesia ("TD"). On June 30, 2008, the Court issued an Order dismissing all claims as to Defendant Schwarz Pharma Inc. ("Schwarz") and Defendant Wyeth Inc. ("Wyeth"). The Court reasoned that pursuant to Kentucky law Smith could not prevail in her product liability action against Schwarz or Wyeth because she did not consume a drug manufactured by Schwarz or Wyeth.

Wyeth and Schwarz have filed this motion for entry of final judgment, arguing that the Court's prior Order disposes of all claims against Schwarz and Wyeth and that there is no reason for the Court to delay certification of its Order.

**STANDARD**

Federal Rule of Civil Procedure 54(b) permits courts dealing with multiple claims or multiple parties to direct the entry of a final judgment as to fewer than all of the claims or parties. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 2 (1980). An entry of final judgment is available under Rule 54(b) based on two independent findings. *See General Acquisition, Inc. v. GenCorp Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the court must determine that it is dealing with a "final judgment." *Id.*; *Curtiss-Wright*, 446 U.S. at 7. Second, the court must "expressly determine[] that there is no just reason for delay." Fed. R. Civ. Pro. 54(b); *Gencorp*, 23 F.3d at 1026. Ultimately, a district court has "sound judicial discretion" in which to determine whether an entry of final judgment is appropriate. *Curtiss-Wright*, 446 U.S. at 8.

**ANALYSIS**

**I. Final Judgment**

A "final judgment" consists of a "cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claim action." *Curtiss-Wright*, 446 U.S. at 7. "[T]he concept of 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Gencorp*, 23 F.3d at 1028 (citing *McIntyre v. First National Bank of Cincinnati*, 585 F.2d 190, 192 (6th Cir. 1978)). If multiple claims share a common factual background, then they should be considered a single "claim" for the purposes of Rule 54(b), "even if different theories of liability may have been asserted." *Id.*

In the present case, there are no operative facts which can give rise to a claim against

Schwarz or Wyeth since Smith concedes that she never took a product manufactured by either Schwarz or Wyeth.  The only common factual background between the claims alleged against Schwarz, Wyeth, and the other Defendants is that they all participated in the business of manufacturing and distributing metoclopramide.  Because the Court concluded in its June 2008 Order that a company is not liable in a products liability action under Kentucky law simply because it shares the same business as the tortfeasor, the Court reached an ultimate disposition of the individual claims raised against Schwarz and Wyeth.  Therefore, the Court's Order reached a final judgment as to the claims against Schwarz and Wyeth.

**II. Reason for Delay**

A just reason for delay is determined by striking a balance between "the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Gencorp*, 23 F.3d at 1027 (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2654 (1983)).  Proper consideration must be given to the "judicial administrate interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 7.  The Sixth Circuit provides a nonexhaustive list of factors that a court should consider when making this determination. *Gencorp*, 23 F.3d at 1030.  They are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the

>judgment sought to be final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gencorp*, 23 F.3d at 1030 (citing *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

Currently pending before this Court are several motions to dismiss based on federal preemption. Smith contends that the relationship between these claims and those already dismissed by the Court is significant because the outcome of the motions may somehow affect the Court's earlier analysis.

This contention, however, is without merit. The preemption motions apply only to the claims alleged against the generic manufacturers. All Defendants were originally sued under state law. The Court based its decision in regard to Defendants Schwarz and Wyeth based on state law. Therefore, whether the claims alleged against the generic manufacturers are preempted by federal law has no bearing on the state law claims of Schwarz and Wyeth. The Court's determination as to Schwarz and Wyeth regarding their liability under state law will have no effect on the Court's interpretation of federal preemption law. Therefore, the Court finds that the relationship between the claims is insignificant for the purpose of determining a just reason for delay.

However, judicial administrative interests do weigh in favor of delay. Granting an entry of final judgment will fragment the record since the Court believes that Smith will seek appellate review of its June 2008 Order. Appellate resolution of the undisputed claims already adjudicated may not directly impact the unadjudicated claims currently pending before this Court, but it will

surely result in piecemeal litigation given the complexity of the case and the numerous claims and parties involved. The Court is disinclined to promote the piecemeal litigation of the many claims before it in the appellate courts.

"[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10. It is within the Court's sound discretion to grant an entry of final judgment. *Id.* Given the Court's reservations regarding the complexity of this case and its desire to produce a complete resolution of the issues prior to appellate review, the Court declines to grant an entry of final judgment at this time.

For the above reasons, **IT IS HEREBY ORDERED** that Defendants Wyeth, Inc. and Schwarz Pharma, Inc.'s Motion for Entry of Final Judgment is **DENIED**.