UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-18-R

LALA SMITH                                                                                                           PLAINTIFF

v.

WYETH, INC., et al.                                                                                           DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Lala Smith's Motion to Vacate (Docket #75). Defendants Wyeth, Inc. and Schwarz Pharma, Inc. have responded (Docket #77). Plaintiff has failed to reply.

This matter arises from the allegations of Plaintiff Lala Smith ("Smith") that her use of metoclopramide, a prescription drug used to treat reflux symptoms, caused her to develop severe and persistent Tardive Dyskinesia. On June 30, 2008, the Court issued an Order dismissing all claims as to Defendant Schwarz Pharma Inc. ("Schwarz") and Defendant Wyeth Inc. ("Wyeth"). The Court reasoned that, pursuant to Kentucky law, Smith could not prevail in her product liability action against Schwarz or Wyeth because she did not consume a drug manufactured by Schwarz or Wyeth. Smith now moves the Court to vacate its June 30, 2008 Order pursuant to Federal Rule of Civil Procedure 59(e).

Smith filed her motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within ten days of entry. Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Because the Court has yet to enter a final order or judgment in this case, the Court alternatively construes Smith's motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

The arguments presented by Smith in her motion are the same as those already considered by the Court in issuing its June 30, 2008 Order. Therefore, the Court finds that Smith's arguments do not demonstrate the exceptional circumstances necessary for the Court to grant extraordinary judicial relief in this case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate is **DENIED**.